MISIMOA MOORS, Jr., A Minor, by Misimoa Moors,
his Guardian ad Litem, Plaintiff

v.

AMERICAN SAMOA GOVERNMENT, Defendant

High Court of American Samoa
Trial Division

CA No. 18-89

May 6, 1991

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge, MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Gata E. Gurr
For Defendant, Richard D. Lerner, Assistant Attorney General

This case concerns a schoolyard accident in which plaintiff Misimoa Moors, who was then twelve years of age, lost an eye. Misimoa and one or two other boys were running alongside an

abandoned trailer that had been left on the school premises. One or more of the boys jumped up and touched, slapped, and/or hung on an old, air-conditioning unit that was protruding from the side of the trailer. The metallic braces that had once held the air conditioner to the side of the building were gone, and the building itself, according to the school janitor, was visibly "rotten." The air conditioner fell on Misimoa, causing the eye injury.

Misimoa testified that it was another boy who touched the air conditioner, but the preponderance of the evidence is to the effect that he himself jumped up and touched the air conditioner, probably not very gently. This action, perhaps along with the recent similar actions of Misimoa's companions, was the most immediate cause of the accident. Although a twelve-year-old cannot have been expected to know much about the laws of physics or the mechanics of air-conditioner support, he was old enough to see that he was playing in a dangerous place and to know that old, rotten things may fall down when hit or hung upon.

The evidence preponderates at least as strongly, however, in support of the proposition that the defendant's employees knew or should have known they had an attractive nuisance in their schoolyard. Indeed, it is clear that they did know this and that they made occasional efforts to discourage children from playing around the trailer. This was not enough. Unlike twelve-year-olds, an organization that owns and maintains school buildings *can* be charged with detailed knowledge of such facts as that missing braces and rotten walls conduce to falling wall-units (especially when exposed to twelve-year-olds) and with the responsibility to take remedial action. The actions and omissions of defendants' employees in leaving the trailer on the premises long after it had been deemed unfit for any sort of use, and in failing to replace the missing braces or remove the air-conditioning unit, amounted to a serious breach of their duty to take care for the safety of schoolchildren, even moderately negligent ones.

We assess the negligence of the defendant and its employees at seventy-five percent and the negligence of Misimoa at twenty-five percent.

Misimoa testified that there was very little physical pain associated with his injury. Nor is there any evidence that he will lose income on account of the loss of his eye. He did have to undergo an operation, and in a few years will probably face a choice between another operation or operations or a fairly mild degree of permanent disfigurement. As the defendant concedes, the loss of an eye is generally recognized as a substantial injury in itself, aside from any pain and suffering or other specific consequences. On the scale of damage awards in American Samoa --- in which fairly mild injuries frequently result in

68

awards or settlements in the range of $10,000, but even the most serious and painful injuries rarely result in awards over $50,000 --- we assess the plaintiff's damages at $20,000.

Because the consequences of this accident are seventy-five percent attributable to the negligence of the defendant and twenty-five percent to that of the plaintiff, judgment will enter against defendant American Samoa Government in the amount of $15,000.

It is so ordered.